# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

NICHOLAS ALDRIDGE,
    Substitute Plaintiff for
      ROBERT W. ALDRIDGE, Deceased                                       PLAINTIFF

v.                                        NO.  2:05cv00283 JWC

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration[1]                                                              DEFENDANT

## MEMORANDUM AND ORDER

Substitute Plaintiff, Nicholas Aldridge, has appealed the final decision of the Commissioner of the Social Security Administration to deny his father's claim for Disability Insurance benefits. The father (hereinafter "Claimant") died June 1, 2005, after the ALJ's decision but before action by the Appeals Council. (Tr. 388, 15-20, 5-8.) Both parties have submitted appeal briefs and the case is ready for decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. Long v. Chater, 108 F.3d 185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Reynolds v. Chater, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. Sultan v. Barnhart, 368 F.3d 857, 863 (8th Cir. 2004); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of

---

[1] Michael J. Astrue was sworn in as the Commissioner of Social Security on February 12, 2007. He is therefore substituted for Jo Anne B. Barnhart pursuant to Fed.R.Civ.P. 25(d)(1).

any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Claimant alleged disability based on diabetes, eye problems, high blood pressure, high cholesterol, chest pain, pain in his back, feet and legs, poor circulation in his legs and arms and heart blockage. (Tr. 88, 105.) The Commissioner found that he was not disabled within the meaning of the Social Security Act. The only issue before this Court is whether the Commissioner's decision that Claimant was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing, the Administrative Law Judge[2] (ALJ) concluded that Claimant had not been under a disability within the meaning of the Social Security Act at any time through September 30, 2004, the date that he was last insured for purposes of Disability Insurance benefits.[3] (Tr. 15.) On November 3, 2005, the Appeals Council denied the request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (Tr. 5-8.) Plaintiff then filed his complaint initiating this appeal (docket entry #1).

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

Claimant was 48 years old at the time of the hearing. (Tr. 392.) He was a high school graduate with additional technical training in computers thereafter. (Tr. 392-93.)

---

[2] The Hon. Everet Dail Stiles.

[3] In his Findings, the ALJ stated that Claimant met the insured status requirements of the Act through the date of the decision. (Tr. 19, Finding 1.) The Court views that as an inadvertent error. The date last insured was September 30, 2004. (Tr. 6, 55.)

He had past relevant work as a liquor store owner and computer school instructor. (Tr. 15, 96-100.)

The ALJ considered Claimant's impairments by way of the required five-step sequential evaluation process. He found that Claimant had not engaged in substantial gainful activity since his alleged onset date. (Tr. 19.) He found that Claimant had "severe" impairments, diabetes mellitus and diabetic retinopathy, but that he did not have an impairment or combination of impairments that met or equaled a Listing. Id. He judged that Claimant's subjective allegations were not borne out by the overall record and were not fully credible. Id.

The ALJ found that Claimant retained the residual functional capacity for light work with a sit or stand option. (Tr. 17.) He found that Claimant was unable to perform his past relevant work. (Tr. 20.) He correctly noted that once Claimant was determined to be unable to perform his past relevant work, the burden shifted to the Commissioner to show a significant number of jobs within the economy that he could perform, given his residual functional capacity, age, education and past work. (Tr. 19.)

Based on the testimony of a vocational expert witness in response to a hypothetical question, the ALJ found that there were a significant number of jobs in the economy which Claimant could have performed, notwithstanding his limitations, for example, correspondence school instructor. (Tr. 20.) Consequently, the ALJ concluded that Claimant was not disabled. Id.

Plaintiff contends that the ALJ's residual functional capacity and therefore his hypothetical question to the vocational expert were both wrong, and points in support to the records of Sudesh Banaji, M.D. (Br. 13-15.) These records are not a part of the transcript in this case. They were attached to Plaintiff's brief. They were submitted to the Appeals Council, which considered them immaterial because they were all from 2005 and Claimant's date last insured was September 30, 2004. (Tr. 6.)

Dr. Banaji was also the physician who performed a consultative examination of Claimant in May 2003. (Tr. 268-74.) Plaintiff concedes that that examination supports the ALJ's decision. (Br. 15.) Substantial evidence in the record as a whole supports the ALJ's residual functional capacity determination and his hypothetical question.

Plaintiff also contends that the hypothetical is inadequate because it did not include any visual limitations. (Br. 15-16.) He points to a September 17, 2004, To Whom It May Concern letter by G. Edward Bryant, Jr., M.D., ophthalmologist. (Tr. 380.) Dr. Bryant indicated that Claimant had decreased peripheral visual acuity, and best-corrected visual acuity of 20/40 on the right and 20/30 on the left, 20/30 using both eyes. Id. Claimant lived alone. (Tr. 64.) Although he stated that he never shopped for groceries or prepared meals, he conceded that he groomed without assistance, mowed the lawn, completed banking errands, paid bills, used a checkbook, counted change, drove (including unfamiliar routes) and watched television. (Tr. 78-79.) Substantial evidence supports the ALJ's omission of Claimant's visual acuity from the hypothetical since it did not significantly limit Claimant's residual functional capacity. See Banks v. Massanari, 258 F.3d 820, 825 (8th Cir. 2001) (blindness in one eye did not significantly limit claimant's ability to work); see also Goodale v. Halter, 257 F.3d 771, 772 n.2 (8th Cir. 2001) (20/40 visual acuity in both eyes "hardly disabling") R. Arnold, J.); cf. Doolittle v. Apfel, 249 F.3d 810, 811 (8th Cir. 2001) (loss of visual acuity, at least to extent that best corrected visual acuity in bad eye is 20/400, is significant nonexertional impairment that must be considered by vocational expert).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. E.g., Mapes v. Chater, 82 F.3d 259, 262 (8th Cir. 1996); Pratt v. Sullivan, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record, including the briefs, the ALJ's decision

4

and the transcript of the hearing. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. Richardson v. Perales, 402 U.S. at 401; see also Reutter v. Barnhart, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

THEREFORE, the Court hereby affirms the final determination of the Commissioner and dismisses Plaintiff's complaint with prejudice.

IT IS SO ORDERED.

DATED this 22nd day of March, 2007.

_____
UNITED STATES MAGISTRATE JUDGE